IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:08-CR-00027-F-1
No. 4:16-CV-00181-F

CHRISTOPHER JERROD EPPS,             )
           Petitioner,               )
                                     )
v.                                   )        ORDER
                                     )
UNITED STATES OF AMERICA,            )
           Respondent.               )

This matter is before the court on the Government's Motion to Dismiss [DE-41] Christopher Jerrod Epps' pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-32, -37][1]. The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons set forth below, the Government's Motion to Dismiss is ALLOWED and Epps' Motion to Vacate is DENIED.

## I. Factual and Procedural Background

On May 7, 2008, Epps was charged in a three-count indictment. *See* Indictment [DE-1]. In Count One, Epps was charged with conspiracy to distribute and possess with intent to distribute more then fifty grams of cocaine base (crack), in violation of 21 U.S.C. § 846. *See id.* Count Two charged Epps with possession with intent to distribute a quantity of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1). *See id.* In Count Three, Epps was charged with possession with intent to distribute more than five grams of cocaine base (crack), in violation of 21 U.S.C. § 841(a)(1). *See id.*

---

[1] Epps' initial attempt to initiate a claim for relief under 28 U.S.C. § 2255 was a non-conforming document [DE-32], which was filed on June 27, 2016. At the court's direction, Epps filed a "conforming" motion [DE-37] on July 15, 2016.

At Epps' arraignment, held on July 21, 2008, he pled guilty to Count One, pursuant to a written plea agreement [DE-14]. The Government agreed to dismiss Counts Two and Three at sentencing. *Id.* at 8.

Epps' sentencing was held on January 6, 2009, and he was sentenced to 225 months' imprisonment. *See* Judgment [DE-19]. Epps did not file a direct appeal.

On June 27, 2016, Epps filed the instant *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-37]. In his § 2255 motion, Epps argues that in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), he is no longer a career offender. Mot. Vacate [DE-37] at 4. Specifically, Epps contends that his North Carolina conviction for assault on a female is no longer a crime of violence; thus, he no longer has the two requisite predicate offenses. *Id.* On August 30, 2016, the Government filed a Motion to Dismiss [DE-41], arguing that Epps' motion should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

## II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved which is consistent with the complaint's allegations. *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and the plaintiff must allege "enough facts to state a claim to relief that is

2

plausible on its face." *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts.*, 213 F.3d at 180.

### III. Background

#### A. *Johnson* and *Welch*

On June 26, 2015, *Johnson* addressed whether increasing a defendant's sentence based on the residual clause contained in 18 U.S.C. § 924(e)(2)(B)(ii) violates due process. 135 S. Ct. at 2551. The residual clause provided that an offense was a violent felony for purposes of § 924(e), if it "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). The Court in *Johnson* held that "[i]ncreasing a defendant's sentence under the [residual] clause denies due process of law." 135 S. Ct. at 2557. On April 18, 2016, the Supreme Court decided *Welch v. United States*, 136 S. Ct. 1257 (2016), which held that *Johnson* applies retroactively to cases on collateral review. 136 S. Ct. 1268.

### IV. Discussion

#### A. Epps' sole claim fails on the merits.

As noted, Epps argues that he must be sentenced without the career offender designation because his North Carolina conviction for assault on a female is no longer a crime of violence.

3

Mot. Vacate [DE-37] at 4. A review of the record reveals that Epps was found to be a career offender[2] based on the following convictions: (1) sell or deliver cocaine; (2) assault on a female, communicating threats, injury to personal property, resisting a public officer, and disorderly conduct; (3) possession of cocaine, sell or deliver cocaine, and sell or deliver cocaine. *See* PSR at 17, ¶ 18. Thus, assuming arguendo that *Johnson* applies retroactively on collateral review to the Guidelines[3] and Epps' assault on a female conviction is no longer a valid predicate, he has two additional controlled substance offense convictions that support his career offender status. *See* PSR at 6, ¶ 20; PSR at 28, ¶ 26. Consequently, *Johnson* does not offer Epps any relief.

## V. Conclusion

For the foregoing reasons, the Government's Motion to Dismiss [DE-41] is ALLOWED and Epps' Motion to Vacate [DE-32, -37] is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2) (A certificate of appealability will not issue unless there has been "a substantial showing of the denial of a constitutional right."); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (Where a court has rejected the constitutional claims on their merits, a petitioner must demonstrate that reasonable jurists

---

[2] A career offender is a defendant: (1) who is "at least eighteen years old at the time the defendant committed the instant offense of conviction"; (2) whose instant offense is "a felony that is either a crime of violence or a controlled substance offense"; and (3) who "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a)

[3] On June 27, 2016, the Supreme granted certiorari in *Beckles v. United States*, 15-8544. The questions presented in *Beckles* include whether *Johnson* applies retroactively to collateral claims challenging sentences enhanced under the residual clause in U.S.S.G. § 4B1.2(a)(2). *See* http://www.supremecourt.gov/search.aspx?filename=/docketfiles/15-8544.htm (last accessed September 16, 2016)

would find that the court's assessment of the constitutional claims is debatable or wrong, but when a court denies relief on procedural grounds, the petitioner must demonstrate that jurists of reason would find it debatable whether the court's procedural ruling was correct.).

SO ORDERED.

This the 26 day of September, 2016.

*James C. Fox*
James C. Fox
Senior United States District Judge